# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern District*

| | |
|---|---|
| **DAVID GOLDSTEIN, #454530** | * |
| Petitioner, | * |
| v | Case No. **GJH-18-166** |
| | * |
| **WARDEN** | |
| | * |
| Respondent. | |

* * * * * * * * * * * * *

## MEMORANDUM OPINION

On January 18, 2018, David Goldstein, a detainee at the Baltimore County Detention Center ("BCDC"), filed a writ of habeas corpus, using state court forms, seeking immediate bail review. ECF No. 1. He claims that he has ties to Maryland, no failure to appear (FTA) charges in the last two years and can report to court. *Id.* at 1. Goldstein's cause of action, construed as a 28 U.S.C. § 2241 petition, was not accompanied by the $5.00 habeas filing fee or a Motion for Leave to Proceed In Forma Pauperis. Nonetheless, Goldstein shall not be required to cure this omission. For reasons to follow, the writ shall be summarily dismissed.

The Maryland Judiciary Case Search website confirms that on December 20, 2017, Goldstein was charged with three counts of theft under $10,000.00. A bail review hearing was conducted on January 9, 2018 and a jury trial is scheduled for March 6, 2018.[1] *State v. Goldstein*, Criminal Case No. 03K17005985 (Circuit Court for Baltimore Cty). *See* www.casesearch.courts.state.md.us/inquiry.

---

[1] Circuit Court for Baltimore County staff confirm that on January 9, 2018, Goldstein was denied bail. He is being held at BCDC on a no bail status.

Pretrial federal habeas relief is available under 28 U.S.C. § 2241 if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court. *See Allen v. Robinson*, 986 F.2d 1412 (4th Cir. 1993). Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). Federal court intervention is not permitted where available avenues exist in the state courts to address the claims asserted.

In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial on the merits or by other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489–90 (1973). The burden of proving that a claim has been exhausted lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994) (citations omitted). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). Special circumstances do not exist if adequate state court procedures are available to protect a petitioner's constitutional rights. *See Brazell v. Boyd*, 991 F.2d 787 (4th Cir. 1993).

Although federal courts can review state bail orders through habeas corpus after exhaustion of state remedies, federal intervention in this discretionary determination is rare, and federal courts cannot require that state courts give reasons for the denial of bail. *Jenkins v. Harvey*, 634 F.2d 130, 132 (4th Cir. 1980). Here, Petitioner filed a state Writ of Habeas Corpus for a bail review, which was held on January 9, 2018. There is no indication, however, that Petitioner has sought a review of the bail review hearing with the Court of Special Appeals, which he is entitled to. *Cf. Long v. State*, 297 A.2d 299, 301 (Md. App. 1972) (reasoning that

2

individual who is denied bail and then is refused state habeas corpus may "apply to this Court for leave to appeal from that refusal"). As such, Petitioner still has potential remedies available to him in state court.

Because the habeas corpus claims presented here have not been exhausted in the state courts, the instant action is premature. When a district court dismisses a petition for habeas corpus solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both (1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *see also Buck v. Davis*, 137 S.Ct. 759, 773–74 (2017). Goldstein has not made the required showing and no certificate of appealability shall issue. A separate order follows.

Dated: February 2, 2018

GEORGE J. HAZEL
United States District Judge

3